Pre-tests 0181, Dennis Gallagher, followed by Mark Morthen, versus Ted Lang, and the Manhattan County Treasurer, at least by a right of the clerk. Captain. May we proceed? Yes, you may. Thank you. Hey, police and court. Mr. Clerk, I'm Mark Morthen, and I represent Dennis Ballinger. The facts are pretty basic, and I think I've recited them to you once before about a year ago. We have farm ground. We have a tower built on the farm ground. We have a Hancock County Assessor who decided to give farm ground one PIN number, tower another PIN number. Nobody pays the taxes on the tower. But the taxes were paid on the ground. Tower gets sold at the annual tax sale of lands and lots returned to Lincoln for the non-payment of general taxes in Hancock County. Mr. Ballinger purchases those taxes. Proceeds to court. Mr. Clerk, on behalf of Pettitland LLC, files a motion for clarification as to what Mr. Ballinger is going to receive. The court says he's going to get a communications tower. We come here and visit you folks. We didn't have a final judgment. We go back. Court denies my request for a tax deed to the ground. We make several different arguments. The court still says, no, you're only going to get the tower. We're back here again. Issues. What is the tower? Is it personal property? Well, if it's personal property, as I've mentioned in my brief and in the trial court, you can't tax personal property. So, is it a tax on a leasehold? Now, I think we've established that the assessor is not taxing the leasehold. So, it must be a tax on an improvement, a fixture. Well, if it is a tax on a fixture or an improvement, then the assessor has violated Illinois law. Because the assessor is required to tax the land. And what makes up the tax on the land is what the assessor believes the improvements are on, located on the land. You know, and this is a very strange case. It is. Okay. And everybody agrees? I'll be the first to admit. It strikes me that the conundrum that we are presented with, all of us, is that the issue that we have is whether or not you're entitled to a tax deed for that land that's underneath. Correct. And yet, that tax on that land underneath was never delinquent. You know, I know there were two numbers and all that kind of stuff, but there were separate entities, you know, that were getting notices and so forth. So, the person who is the title holder to the land underneath this tower was never delinquent on the payment of those taxes. To the ground, correct. To the ground. Yes. So, the issue presented to us, the only issue presented to us so far in this thing, is, well, were you entitled to a tax deed on that land? I think I can answer that. And I don't mean to answer it by way of a question, but normally, ground, unimproved, assigned a PIN number. I build a house on it. Still one PIN number, but now that house is assessed. They put a value to the house, they put a value to the ground, here's what you owe. I put a two-car garage. Then I build a barn. Each time, same PIN number. I'm responsible for paying for the house, the barn, two-car garage. In this case, Pennant Land LLC did not pay for the improvement on the land. They didn't pay for that tower. Like, I didn't pay for my house, but I paid for the barn and the two-car garage, even though I'm responsible for all of them. That's the difference, and I think that's why my client is entitled to the ground underneath. There is... Wait a minute. Is there a lease of the tower on the ground? Yes. Okay. Yeah. The lease was admitted into evidence. Pennant Land got to use the land, build a tower. Or not Pennant Land, I'm sorry. Waterway Communications or Mobex Communications got to erect a communications tower on that ground and had use of that ground, and ingress and egress. And there was a contract that made them responsible for paying the taxes for the tower. Correct. So that's the difference between your barn and your other building. That is a difference, but if I'm a lessor of real estate, even though the lease may say, Lessee, you're responsible for those taxes, I'm going to watch it like a hawk to make sure they get paid, and if they don't, I'm going to pay them so I don't lose my ground, and then I'm going to boot the lessee out. Well, you paid the taxes on the ground. But the improvement on there, on that ground, affixed to the ground, was not paid. Mr. Northland, does the trial court acquire jurisdiction because taxes were not paid on the land? Yes. So does the trial court in this case have jurisdiction to issue you a tax deed where the taxes have been paid on the underlying ground? Well, I believe so, only because the assessor included in that tax sale the PIN number, I think it ends in 060, that dealt with an improvement on the ground. But it was just the improvement, not the ground. Well, it's our position that you can't transfer by way of deed, tax deed, quick claim deed, warranty deed, a fixture or improvement. It has to be the ground underneath, and I have authority that supports that. Well, then doesn't that raise the issue, to follow up with what the justices said, of perhaps it's some other lawsuit that's not before us that that's about? Well, the assessor included it in the tax sale. I mean, to follow up on what Justice McDade said, here we have a case where the person who owned the land beneath the tower was current in all the taxes. On part. Well, I understand, but my position is it's part of it. There is a PIN number that covers a large area of land, including the land underneath this tower. Yes. Those taxes weren't paid. True. And as I understand the question that Justice asked, and she speaks for herself, but that how can the trial court then grant a tax deed if the taxes are paid? I mean, you know, we're both asking that question. I guess my position again is, as my example, house, barn. What the mistake is, there's an assessor that has assessed the PIN number and taxed a fixture, taxed a furnace in a house separately. And I think that's the issue that both justices are getting at, is that there was clearly a mistake made, an error made, by somebody not a party here, and so perhaps this is an issue that's more appropriately brought. Well, actually the state's attorney's office of Hancock County, on behalf of the assessor, county clerk, and treasurer, filed a brief in this case and chose not to appear. Last time he didn't appear and he's not here today. So if I may go back to this issue of fixtures or improvements to the land. There is a case that, it's kind of like a blind squirrel finding a nut every once in a while. I found this case just the other day. It's in relating tax objections of Norbert L. Hutchins. Facts in that case are very similar to this case. We have ground owned by A. A enters into a lease with B, which is Mr. Hutchins. And Mr. Hutchins then wheels in a cabin, puts it on the ground. Then the assessor taxes the cabin separately from the ground. In that particular case, Mr. Hutchins, the owner of the cabin, files an objection to the taxes he redeems under protest. At the trial court hearing, they said no, the assessor, that was correct, those two different pin numbers. The appellate court said no, that's not correct. They state, the court states, assessors in making quadrennial assessments shall separately fix the value of lands and improvements and set those items down in separate columns on the assessor's book. Section 43 clearly indicates, however, the separate determination of the value of land and improvements is all part of the valuation of a particular tract of real estate. What is the site to that case? It is 34 LAP 3D 1039. Would you say that again? It's 34 LAP 3D 1039. The year is 1976, I believe. The court goes on to talk about the difficulty in selling a cabin by way of tax deed because it has no legal description. You can't transfer a cabin. And it talks about the tax code, which is what we're here today talking about. And it says that it's lands and lots that are dealt with under the tax code. And because there is no way that we can develop a legal description for this, the law is clear that cabin should be taxed as a part of the real estate and not taxed separately. So they reversed the trial court. They also went on to say our ruling here is consistent with the majority view and cited corpus juris secundum. That case was followed up by the Decatur Sports Foundation, the Department of Revenue, 156 LAP 3D 623, where in that case they were dealing with bleachers, lights, press boxes, restrooms, and dealing with tax exemptions versus non-exempt property. They cited Hutchins and basically said those are fixtures to be taxed as a whole part of the land. You go on, the next case after that is Springfield Marine Bank v. Property Tax Appeal Board, 44 Illinois 2nd 428. Leasehold estate on non-exempt land may not be taxed separately. That's what we've got here. We have taxable farm ground, it's not exempt, and we have a lease and we're taxing the lessee purportedly, assigning a separate PIN number. Marine Bank case again citing Hutchins says can't do that. And I guess the question that I have is all that being said, we understand you can't do that, and in this instance where they have done that, do we have any indication that when the assessor set the value, I mean it's my understanding that he said the value is only the tower. That, you know, that I could very well be. Counsel, you have two minutes. See, the interesting, you know, to follow up on what the Justice said, the interesting thing is here they have two PIN numbers. Okay, so you've got a PIN number on the tower and a PIN number on all the ground, including the ground end of the tower. Okay, the cases you cite suggest that anything on the land should have been taxed part and parcel of the land. So in other words, the fellow who was getting the other PIN number on the land as a whole should have had a little increase on the taxes for that tower that was there. That's what those cases are implicitly suggesting. That's what they're saying, no second PIN number. Yeah, but that's not saying the issue before us is whether or not the trial court erred in not granting you a tax deed to that property underneath the tower. Well, Hutchins is going to tell you that you can't transfer that cabin by way of deed because there's no legal description. We're confronted with the same situation. Yeah, but that doesn't equate into getting a tax deed for the land underneath. What you're saying is the assessor made a mistake and didn't tax the tower as part of the land as a whole. Correct. And the interesting thing is you brought up the State's Attorney's Brief. It was not here. Yeah. Okay. The first thing they say, they raise some issues that, you know, these issues aren't really in front of us. The issue in front of us that you presented is whether or not this judge should have issued a tax deed for that land with the tower and the land. That's what you're arguing. They argue is a taxation of a leasehold estate property. That's what they're, because, and they say, although not expressly stated, implicit in the court's rulings, our findings is that improvements to the leasehold being the tower are real estate and not personal property, and therefore leasehold improvements are subject to taxation. We don't have a declaratory judgment action here saying there should never have been a PIN number issued for this tower. We don't have that. But I think that this court has the authority to send this case back to declare just that, that you may not in this situation affix a separate PIN number to a fixture or to an improvement, a fixture which is an improvement to the real estate. This is an assessor's error, and that during... You're not arguing it's an error. You're saying you should get the, you're a whole brief. I'm saying, well, I'm saying either I get the ground, or in the alternative, I think the court can reverse the findings of the trial court with directions to vacate the sale as a sale in error. Who asked to vacate the sale? Well, under the statute, the assessor has the authority to ask for a sale in error through the state's attorney's office. The holder of the certificate of purchase or any assignee has a right. Have you done that? In my petition for tax deed, there is a separate prayer that the sale be declared a sale in error. Has that been ruled upon? No, it has not been ruled upon. I mean, that's my point. I mean, it hasn't been ruled upon. It's not in front of us. But I think still the court has the authority to enter that as an alternative. So you can reach out and grab that issue that hasn't been ruled upon? Or you can, you can reverse with directions to have a hearing on the possibility of a sale in error because the assessor may not affix a separate PIN number and tax tower separately from the ground in which it is affixed. And there's somebody that should be notified who would be doing all that. That's the staff's party, right? Well, he had the opportunity. Well, but he didn't know that this was going to be argued that way, did he? Well, I think he actually, this Hutchins case was actually in his brief. Yeah. He cited it. He cited it for an erroneous proposition. By the improvement of his... I mean, it's like he's appealing a ruling on that other issue. As a responder. Correct. Okay. In other words, when I was reading this, I'm thinking, well, let's see, there's never a ruling on this other thing, except you got a brief on it. A reply, a response brief. Yes. Okay. It's like skipping a step. He's responding to a ruling that's not in existence, right? I agree. Yeah. I mean, you under, you know, you agree with that. I do. Yeah. You know, I understand where you're... I mean, this is a frustrating case for everybody in this room. And your clients are, your client went out and bought something, and now you're in the middle of all this, this mess, right? True. And I think I've advised the court, last time I was here, I had a case pending in the 4th District Appellate Court, and that, that court ruled, by order that, it was a little bit factually different, but they, they basically ruled that, one, I waived my argument with regard to personal property, because I didn't make it in the trial court. Well, I did. It's in the transcript, and it was in my memorandum of law. But I don't know why they said I waived it, and they also said I waived the request for a sale on air. Well, I wasn't requesting, really, a sale on air. They asked me if that was an option available. Sorry. Thank you. Thank you, counsel. Please, the court, counsel. My name is Rodney Clark, and I represent Pettitland, LLC. You've stated a lot of things that, or a lot of questions or comments that I think are pertinent, and I had written down that if the trial court should not have ordered a deed for the leasehold, or for this tower, because it has no authority, it is equally as true that the trial court cannot order a tax deed to the underlining property when the parcel number associated with the land itself, the ground, has been paid, and it was never sold at tax sale. That PIN number never was sold, and the evidence was very clear that Pettitland, LLC had always paid its taxes. And I understand those two PIN numbers should have never existed, but Pettitland, LLC didn't create that. They're an innocent party to what a third party did. There's no evidence in the record that somehow Pettitland, LLC got ahold of the assessor and said, hey, let's work a deal here where you create this, because I know 25 years from now this is going to come up. That's not there. So, once again, they're an innocent party. For someone to come in and say, well, there was this property tax number, and we bought it at tax, and somehow we get the underlining ground now, when the underlining ground always had the taxes paid, just kind of flies in the whole eyes of justice and says it's just not fair. You can't all of a sudden get five acres when all you bought was a tower. I want to point out that in the record there's Pettit number one, because an argument was made that, well, Pettitland, LLC, why didn't you just redeem this? Why didn't you just make sure this wasn't going to happen? Well, we won. We won the motion, and normally I don't advise my clients to go spend money on something when we won. All right? So, that would be like appealing something that you had won at the trial level. When you look at Pettitland... They're suggesting you won a, what do they call it, a pirate to get prisoned? Yeah. Yeah. You won, but you lost. Right. Yeah. And so, yeah. I would not think that it would be necessary for us to go spend money considering the trial court's ruling. If you look at Pettit number one, it is the property tax card for that PIN number. And when you go through, there's no assessment of the land. It is merely of the tower, and it even says tower. And so, the argument from the appellant is, hey, we went to the tax stand, and we bought this, and we knew that it had to have been for the underlying ground. Well, you can't just bury your head in the sand and not take a look at what it is that you're buying. There's property tax cards, and in our courthouse, it's just the floor below where the tax sales take place. And if the card had been pulled, the appellant would have realized that is just the tower. There was no confusion whatsoever. Maybe this is unfair to ask you, because you're eliminating your argument to that. I mean, your argument was that there shouldn't be any tax deed issued for the land underneath because you pay taxes on it, and there's a different PIN number, and so that's the end of the story. Right. Okay. And there was a separate counsel before mentioned that there was this other action that the trial court did not specifically rule on. And I guess you weren't involved in that part, that other ruling about whether it was a sale in error. I don't think that that was necessarily even brought to the court's attention yet. I believe that if this court, this court could decide a lot of different things. This court could say, trial court, you didn't have the authority to advise the assessor, or to advise the recorder, to issue a deed just for this tower. You didn't have that authority. And equally as such, you don't have the authority to issue, or to require the assessor to issue a tax deed for the in-line grant. You don't have that authority. Well, I see that. And again, maybe I should be asking the other counsel when he comes back after these questions, but if, it appears that the only issue that we have is limited to whether or not it was error not to grant a tax deed for that land underneath. And you say, no, that was correct. That is correct. So a further trial judge. That's correct. The other issue that the State's Attorney's Brief addresses is, is the lessee responsible for paying property taxes on the leasehold estate? Are the improvement on the leasehold real estate or personal property? And is the taxation of the leasehold a proper? None of that's contained, none of those questions are contained in the issue that I referred to first. That is correct. You know, the first issue is whether or not they should have issued a tax deed to the appellant. Correct. And although the State's Attorney said that it wasn't expressly stated but implicit, it might be implicit or not, because there's never ever been a ruling from the trial court on that point, on these three points. I think that's correct, Your Honor, because of the way that the appellant brought it before the trial court, asking specifically, I want a deed to that underlying ground, and the trial court properly said, I'm not going to give that to you, because that PIN number has always been paid, and that would be unfair and unjust. It comes down to the fact that Pettitland LLC owns the underlying ground and has always paid the taxes associated with it. I'm not saying that there should have been two PIN numbers. We're saying that we are innocent people dealing with the fact that someone, somewhere, decided to put two PIN numbers, one associated with the tower and one associated with the underlying ground. Who gets the money for the lease? Pettitland LLC does get the money for the lease. That's correct. Yeah. So you're getting the leasehold money. Yes. Yeah. I would agree that that is the case, but they were also responsible for the tax bill, and the tax bill was going to them in association with this number. It still comes down to the fact that Pettitland LLC, and the other aspect of it is, if, in fact, you sent it back saying, hey, trial judge, you need to issue a, tell the court to issue a deed for the underlying ground, we don't have any right to redeem now. We are left without any recourse where I think the appellate has the recourse of going back and saying, okay, I want a sale on air because I didn't get what I thought I was bargaining for, and I think that the trial court will grant that motion and we're not going to be coming back there because he's going to get what he asked for, and that's a sale on air. So, once again, when you're looking from a justice standpoint, what do we want? We want him to be made whole, which he has the ability to be made whole, where Pettitland LLC, if there's a deed transfer, it's not like we get to go and buy it back from, he doesn't have to sell it to us. We can't just go in and redeem it. Who are the adverse parties in this? Who are, well, I suppose the adverse parties, from our perspective, is the appellate who's trying to take our underlying ground. That's the adverse party. We are, and from the appellate standpoint, not only is Pettitland LLC adversarially, but so is the assessor, because the assessor assigned two numbers, and it really falls in the lap of the assessor. I think that we're an innocent party. I think the appellate somewhat is an innocent party, but he has recourse where we as Pettitland LLC, we don't have any recourse. Who is the lessee? Is that a fourth party? The lessee still has a tower. And they may or may not have ownership over that tower. That's a whole different issue. No, the lessee is not even around here right now. Has the lease expired? It was supposed to expire last year. The record would reflect, based just on the document itself, the lease has expired. It was a 25-year lease. They did not renew. That's not part of the court record, but if you read, I mean, what is part of the record is the fact that the leases were put into evidence, and it's very clear it was a 25-year lease. So technically, if the appellant gets the tower, he also has the contractual obligation to renew that tower within a reasonable time after the expiration of the lease. Right, which has expired, and I think it expired clear back in January of 2010. Unless there's any further questions, I have no further argument. Thank you for your time. That 4th District case you talked about, does that cause a problem about sale and error? Yes, period within which to file a motion for sale and error has expired. But you filed one. No, I did not. Oh, you did file one. No, I did not file one. In every petition that I file on behalf of my client, petition for tax deed, in my prayer for relief, I request in the alternative that the court order a sale and error. They didn't see that in the petition. It's in every petition that I file. So did you file a petition for sale and error? Not a separate petition. It was in the petition for tax deed as alternative relief. And if I may, I want to finish what Mr. Clark said. He said that the trial court told my client I'm not going to give you a deed to the ground. I'm going to order that a deed issue to the tower. Right there is error that this court can reverse because how am I going to formulate a legal description for a tax deed for that tower and then take it to the recorder's office? Impossible. It's just like the cabin in the Hutchins case. It's impossible. Isn't that the... That's corrected by sale and error, though, isn't it? I mean, there is a remedy that's been used traditionally in these cases for an improper... Well, yeah, but I guess I'm facing a situation now where we've chosen to go forward with the tax deed process and I'm not sure that a sale and error, you know, the statute of limitations with regard to the filing of the sale and error and receiving an order declaring sale and error... You say it's already been found as part of your relief law. No, well, it's in the prayer for relief in my petition for tax deed. There's an alternative. We either want a tax deed, an order directing issuance of tax deed, and an order of possession, or on the alternative, we want an order for declaration of sale and error. And then I take it a second step farther. If I elect to go forward with the sale and error, I file a motion for declaration. But the case law in Illinois says that I have to obtain that order for sale and error within one year after the expiration of the period of redemption, unless I've recorded a tax deed. In that event, it's a five-year statute. I mean, what you're asking us to do is pretend that there was sale and error and then rule on it. No, but I think this court has the authority to reverse telling the trial court that you cannot enter an order directing the county clerk to issue a tax deed for a communications tower. It is not physically possible. Who prayed for that relief in these cases? I prayed that the court entered an order directing county clerk to issue tax deed to real estate. Yeah, he didn't do that. He didn't ask for that relief. And the state's attorney didn't ask for the relief. What relief? The relief you're asking us as the alternative that we can grant. You didn't ask for that anywhere in your briefs, right? That it was a sale and error and that they could... No, I'm not suggesting... At this stage, I'm arguing not sale and error. I'm saying that looking at what the judge ruled upon, the judge said, I get a tax deed to the tower. I can't get a tax deed to the tower. You can send it back to them saying, you can't enter an order directing issuance of a tax deed to a tower. And then it's back in the trial court and we make a determination at that point in time if I file a motion for declaration of sale and error. Was that part of your relief in your appeal? I know I asked that the court reverse the findings of the trial court. Right. And I think I... I'll take one here. If we reverse the finding on the tower, that just means your client doesn't get the tower. It doesn't mean he gets the land underneath. That's correct. So... As an alternative, though, I guess my client at that point in time can make an election to either go forward trying to get the ground underneath or he can just file a motion for declaration of sale and error. So what you're saying is because there's perhaps an issue with the statute of limitation, in order for you to have the right to proceed with a sale and error, that you're going to need this court to direct, through a reversal, the trial court to reconsider its decision or for us to say, no, that you are entitled to the tower and to say that you can't do... in order for you to either proceed to try and get the underlying ground or the tax, I think that we have to take that action. Well... Because of your ability to do that. What happened in between these two appeals is I filed a motion to extend... if I remember it was extend the certificate... certificate of purchase or period of redemption. That was granted. And I was given 396, I think, or 56 days of extension. Now again, I think I have a legitimate argument that once it went back up on appeal, that it stayed the... or told the running of that statute so that I could go back in at that point in time and say, we still want the ground  a sale and error as an assessor's error. Because I'm going to... your petitioner... this is what you agreed. I respectfully pray that the Sonoma Court reverse the findings and orders of the trial court and remand the spender to the trial court with direction to the court to enter an order directing the county clerk to issue a tax deed to the partial of the... partial of real estate described. That's what you asked for. That's what was briefed. The state's attorney filed this thing that there's not even a notice of appeal on. You know, there's not even a notice of appeal the trial court's ruling on with the state's attorney's file briefed on. And that's not even, you know, before us. Because there was never a trial court ruling on that, you know, on that other aspect. That, you know, I'm expressing some of the difficulty I'm seeing in the... Here, I mean, the issue that's presented to us is pretty narrow. This very unusual case, and the reason I asked you about the 4th District case because it's a very... the thing we're talking about, then what are your different possibilities under different circumstances, whatever happens in this case? I mean, what options would I like? What would I like to see in an ideal world? A ruling that says that the assessor was incorrect in assessing a separate PIN number? But you never asked for that below, that you were making elections. How are you going to fight this? Well, I guess, again, in the ideal world, a reversal with directions that can't issue a tax deed to a cellular phone tower, period. And then we go back to the trial court and we say, okay, can't issue a tax deed to a cellular phone tower. Here's my motion for sale and error. And the issue before us is the court was in error not granting a tax deed to the land under the tower. That was the issue before us. Thank you.